IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re Ex Parte* Application of<br><br>MOUSSY SALEM,<br><br>                              Applicant,<br><br>FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 FROM SAUL SUTTON | **Civil Action No.** |

## *EX PARTE* APPLICATION FOR ASSISTANCE IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

Pursuant to 28 U.S.C. § 1782, Applicant Moussy Salem ("Moussy" or "Applicant"), by and through his undersigned counsel, respectfully submits this Application to take discovery from Saul Sutton ("Sutton"), a resident of this District.

Applicant seeks an order authorizing the issuance of a subpoena *duces tecum* (the "Subpoena") to Sutton in the form attached hereto as **Exhibit A**. This discovery is sought in aid of proceedings (the "English Proceedings") pending before the High Court of Justice, Business & Property Courts of England and Wales, Business List (ChD) (the "English Court"). The English Proceedings concern allegations by Applicant that Freddy Salem, Monline UK Limited, Salim Levy, and Ezra Aghai engaged in a wrongful pattern of conduct that includes breaches of fiduciary duty, conspiracy, and fraudulent transfers.

As discussed in greater detail in Applicant's accompanying memorandum of law, this Application: (i) meets the four statutory requirements set forth in 28 U.S.C. § 1782 for granting this Application; and (ii) satisfies the four discretionary factors set forth by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), for granting the Application.

The documents and information sought are relevant to the ongoing English Proceedings. Applicant seeks the requested discovery for use in these proceedings, and the discovery sought is neither unduly burdensome nor intrusive to Sutton. The English Court is receptive to the discovery sought and Applicant is not using this proceeding as an attempt to circumvent the requirements of the English judicial process.

Further, courts in this Circuit routinely grant Section 1782 applications *ex parte*, as here. *See, e.g.*, *In re O'Keeffe*, 646 F. App'x 263, 265, 269 (3d Cir. Apr. 12, 2016) (affirming denial of motion to quash subpoena issued pursuant to *ex parte* Section 1782 application); *Matter of Rosa Carolina Germano Dos Santos*, 2023 WL 4993673, at *2 (D.N.J. Aug. 4, 2023) ("A court may issue such an order [under Section 1782] on an *ex parte* basis without prejudice to the subpoenaed party's right to vacate the order or quash any resulting subpoenas.").

WHEREFORE, Applicant respectfully requests that the Court grant the Application and authorize Applicant to issue the Subpoena to Sutton in the form attached hereto as **Exhibit A**; authorize Applicant to issue additional subpoenas for the production of documents and/or depositions of Sutton as Applicant reasonably deems appropriate, and as are consistent with the Federal Rules of Civil Procedure; for the Court to retain jurisdiction over this matter for purposes of enforcing any subpoenas issued herein; and for such other and further relief as the Court deems just and proper.

Dated: January 18, 2024

Respectfully submitted,

**BROWN RUDNICK LLP**

By: */s/ Lauren Tabaksblat*
Lauren Tabaksblat
(Bar No. 037322008)
Tyler D. Purinton
(*pro hac vice* forthcoming)

2

7 Times Square  
New York, New York 10036  
Telephone: (212) 209-4800  
Facsimile:  (212) 209-4801  
ltabaksblat@brownrudnick.com  
tpurinton@brownrudnick.com  

*Counsel for Applicant Moussy Salem*